UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MEGAN GRIFFITHS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CA NO. 5:20-cv-1464 |
| CASCADE PROCESS CONTROLS, LTD, | § § § § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Megan Griffiths ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiff") brings this Fair Labor Standards Act ("FLSA") suit against Cascade Process Controls, LTD ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay overtime premiums to its employees.

3. Because there are other putative Plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Megan Griffiths is an individual residing in Canada. Her notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A. At all relevant times, Griffiths was an "employee" of Defendant, as defined by the FLSA. At all relevant times, Defendant was Griffiths' "employer" as defined by the FLSA.

5. Plaintiffs are Defendant's current and former hourly employees who were paid straight time for all hours worked over forty per workweek and who were not paid overtime premiums for any hours worked over forty in a workweek.

6. Defendant Cascade Process Controls, LTD. is a foreign company organized, upon information and belief, in Canada.

7. Defendant Cascade Process Controls, LTD. was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

8. Because Defendant Cascade Process Controls, LTD. does not maintain a registered agent for service of process in Texas, service can be had on Cascade Process Controls, LTD. by serving the Texas Secretary of State, at 1019 Brazos St., Austin, Texas 78701.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

11. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendant maintains a working presence in and does business in this judicial district. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

13. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Named Plaintiff and Class Members handled and otherwise worked with oilfield equipment and tools that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

17. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

18. Defendant provides turn-key construction and electrical and instrumentation services to the oil and gas industry throughout the State of Texas and Canada.

19. Named Plaintiff was employed by Defendant as an hourly field technician working out of Defendant's Floresville, Texas location.

20. Throughout her employment with Defendant, Named Plaintiff consistently worked more than forty hours per workweek.  Named Plaintiff never received overtime premiums for any hours worked over forty per workweek.

21. Defendant regularly refused to pay Named Plaintiff overtime premiums for any hours worked over forty per workweek.

22. Although she consistently worked very long hours, well over forty hours per week, Named Plaintiff was not properly compensated for her overtime hours.  Defendant required the Named Plaintiff to work the long hours described above, and thus knew that Named Plaintiff regularly worked in excess of 40 hours per week.  Nonetheless, Defendant failed and refused to compensate Named

Plaintiff at a rate that is not less than time-and-one-half her regular rates of pay for all hours worked in excess of 40 in a workweek.

23. Defendant has employed and are employing other individuals as hourly field technicians who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

24. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay Named Plaintiff and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

25. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek. Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

26. Defendant has a policy or practice of not paying their field technicians overtime premiums for any hours worked over forty per workweek. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the refusal to pay overtime premiums

for any hours worked over forty per workweek to Named Plaintiff also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former field technicians of Defendant who were not paid overtime premiums for any hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with applicable law.

28. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiff and the Class Members pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendant, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the

suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

      b.      For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

      c.      For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

      d.      For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      e.      For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

      f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**