# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MEGAN GRIFFITHS, on behalf of herself, and all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No.: 5:20-cv-01464-XR |
| **CASCADE PROCESS CONTROLS, LTD.,** | § § § | |
| **Defendant.** | § | |

## DEFENDANT CASCADE PROCESS CONTROLS, LTD.'S
## ORIGINAL ANSWER AND DEFENSES

Defendant Cascade Process Controls, Ltd. ("Defendant") hereby answers Plaintiff's "First Original Collective Action Complaint" (the "Complaint") as follows, denying any allegations not specifically admitted:

1. Paragraph 1 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 1 is required, Defendant admits Plaintiff has initiated this action under the Fair Labor Standards Act but denies that there is any factual or legal basis for any of Plaintiff's claims and denies that Plaintiff is entitled to damages. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant admits that Plaintiff seeks to bring this action as "an opt-in collective action" but denies that there is any factual or legal basis for a collective action claim. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant admits that Defendant formerly employed Plaintiff and that Plaintiff filed a "Notice of Consent." Answering further, Defendant denies the allegations related to Plaintiff's residence for lack of knowledge. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff is a former employee of Defendant. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 7 is required, Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 8 is required, Defendant admits that the Texas Secretary of State mailed a copy of the Complaint to Defendant. Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendant admits that this Court has jurisdiction but denies that there is any factual or legal basis for any of Plaintiff's claims. Defendant denies all other allegations in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendant admits that this Court has jurisdiction but denies that there is any factual or legal basis for any of Plaintiff's claims. Defendant denies all other allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendant admits that venue is proper but denies that there is any factual or legal basis for any of Plaintiff's claims. Defendant denies all other allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 13 is required, Defendant admits that it employed Plaintiff but denies the remaining allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 14 is required, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 15 is required, Defendant admits that it is engaged in commerce and that it does business in an amount of at least $500,000 annually but denies that there is any factual or legal basis for any of Plaintiff's claims and denies that Plaintiff is entitled to damages. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 16 is required, Defendant admits that Plaintiff worked with oilfield equipment but denies that there is any factual or legal basis for any of Plaintiff's claims and denies that Plaintiff is entitled to damages. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 17 is required, Defendant admits that it employed Plaintiff but denies that there is any factual or legal basis for any of Plaintiff's claims and denies that

Plaintiff is entitled to damages. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Defendant admits that Plaintiff occasionally worked more than 40 hours in a given workweek. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant admits that Plaintiff occasionally worked more than 40 hours in a given workweek. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendant admits that there are employees who work as field technicians for Defendant. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies that Plaintiff is entitled to the relief requested in the "PRAYER FOR RELIEF" clause, including all subparts.

30. Defendant denies each and every allegation contained in the Complaint that is not specifically admitted herein.

# AFFIRMATIVE AND OTHER DEFENSES[1]

By way of further answer to Plaintiff's Complaint, Defendant sets forth the following defenses:

1. The Complaint fails to state any claim upon which relief may be granted.

2. Plaintiff's claims may be barred, in whole, or in part, by the applicable statute(s) of limitations.

3. Plaintiff's claims may be barred, in whole, or in part, by the rule against claim splitting, the first-to-file rule, and/or res judicata.

4. Plaintiff's claims are barred by the defenses of release and/or waiver.

5. Defendant asserts the defenses of unclean hands, estoppel, accord and satisfaction, and/or laches to the extent applicable.

6. Plaintiff, and all putative class members she seeks to represent, have been fully compensated as required by law for all hours worked.

7. Plaintiff's claims may be barred, in whole, or in part, by the Portal-to-Portal Act, 29 U.S.C. 254(a).

8. Plaintiff's claims are barred to the extent that Plaintiff seeks recovery for time that is not compensable time under the FLSA.

9. Plaintiff's claims are barred and/or reduced by the appropriate exemptions, wage deductions, and/or allowable set-offs provided for under the FLSA and/or Texas law.

10. Plaintiff's claims are barred and/or reduced by payment of wages, payment of overtime, other amounts allegedly owed, or amounts in excess of earned wages.

---

[1] No defense in this Answer shall be deemed an affirmative defense unless failure to assert it would be deemed a waiver of the defense by Defendant.

11. Plaintiff may not recover liquidated damages because (i) Defendant acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA or any other law; (ii) Defendant did not authorize or ratify any willful violation with respect to Plaintiff; and/or (iii) Plaintiff failed to plead facts sufficient to recover such damages.

12. Plaintiff's claims are barred because Defendant acted in good faith conformity with, and in reliance upon, written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage & Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement of said Administrator.

13. Plaintiff's claims for liquidated damages are subject to the applicable limitations on such damages as set forth in 29 U.S.C. §216.

14. Subject to and without waiving any prior objection, defenses, and without accepting the burden of proof on the matter, Defendant states that its conduct was not willful within the meaning of the Fair Labor Standards Act and thus, any claim beyond two years is unfounded.

15. Defendant asserts that it took reasonable measures to prevent and correct any alleged violations of the FLSA and Plaintiff failed to take advantage of the corrective opportunities provided or to otherwise avoid harm.

16. Plaintiff is not sufficiently similarly situated to any purported collective action members to warrant or justify the certification and treatment of this case as a collective action under the FLSA.

17. Subject to an opportunity for investigation and discovery, Plaintiff's claims may be limited by the doctrine of after-acquired evidence.

18. Plaintiff's claims may be barred by the faithless servant doctrine and/or breach of the duty of loyalty to Defendant.

19. Plaintiff's claims may be barred, prohibited, or limited by the protections and limitations provided in 29 CFR 785.35 and 29 CFR 790.7.

20. Defendant reserves the right to assert additional defenses if discovery indicates they would be appropriate.

WHEREFORE, Defendant respectfully requests that this Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) deny each demand and prayer for relief;

(c) award Defendant its costs and disbursements; and

(d) award Defendant such other and further relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Fred Gaona III*
Fred Gaona III
Texas Bar No. 24029562
fgaona@fbtlaw.com
FROST BROWN TODD LLC
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545.3472
Telecopier: (214) 545.3473

Kenneth W. Bullock II
Texas Bar No. 24055227
kbullock@fbtlaw.com
FROST BROWN TODD LLC
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: (713) 590-9336
Telecopier: (713) 590-9399

**ATTORNEYS FOR DEFENDANT CASCADE PROCESS CONTROLS, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Fred Gaona III*
Fred Gaona III